UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT KING,

         **Plaintiff,**

 vs.               6:25-CV-00345
                    (MAD/TWD)

LIBERTY MUTUAL INSURANCE
COMPANY,

         **Defendant.**
_____

APPEARANCES:         OF COUNSEL:

**OFFICE OF GUSTAVE J.**      **GUSTAVE J. DETRAGLIA , JR., ESQ.**
**DETRAGLIA, JR.**
1425 Genesee Street
Utica, New York 13501
Attorney for Plaintiff

**GOLDBERG SEGALLA LLP**     **ASHLYN M. CAPOTE, ESQ.**
665 Main Street           **JONATHAN SCHAPP, ESQ.**
Buffalo, New York 14203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On January 23, 2025, Plaintiff Scott King filed this action in New York State Supreme Court, Oneida County, alleging that Defendant Liberty Mutual Insurance Company breached the terms of an insurance policy by failing to pay Plaintiff what he was due. *See* Dkt. No. 2. Defendant removed the action to this Court on March 17, 2025, asserting that removal was proper under 28 U.S.C. § 1441(a) because federal jurisdiction would have been proper under 28 U.S.C. § 1332 had the action been commenced in federal court in the first instance. *See* Dkt. No. 1.

1

Presently before the Court is Plaintiff's motion to remand, *see* Dkt. No. 13, to which Defendant has filed an opposition, *see* Dkt. No. 14. For the reasons that follow, Plaintiff's motion is granted and this case is remanded to New York State Supreme Court, Oneida County.

## II. BACKGROUND

**A.    Plaintiff's Allegations**

Plaintiff owns a property located at 78 Dugal Road, Cottage #4, Tupper Lake, New York 12986 (hereinafter the "Property"). *See* Dkt. No. 2 at ¶ 3. Defendant is an insurance company and issued an insurance policy to Plaintiff, covering the Property for, among other things, water damage (hereinafter the "Policy"). *See id.* at ¶¶ 2-3. Plaintiff seeks damages arising from an alleged breach of the Policy. *See id.* at ¶ 3.

According to the complaint, in February 2023, while the policy was effective, Plaintiff's property was damaged by a plumbing leak. *See id.* at ¶ 4. Plaintiff claims he gave Defendant proper notice of the damage; however, allegedly acting in bad faith, Defendant refused to pay the full amount of damages, paying only a portion thereof. *See id.* at ¶¶ 7-11. As a result, according to the complaint, there is a balance due and owing to Plaintiff for the approximate sum of $35,000 and Plaintiff has incurred "incidental and consequential damage including attorney's fees and other costs and disbursements" as a result of Defendant's bad faith. *Id.*

The Court reads the complaint to assert four claims: (1) breach of contract, for Defendant's alleged breach of the Policy; (2) that Defendant engaged in bad faith, causing Plaintiff to suffer "incidental and consequential damages including attorney's fees and other costs and disbursements"; (3) declaratory judgment that Defendant must cover Plaintiff's alleged loss and damages; and (4) declaratory judgment that Defendant "must proceed in the appraisal method to

determine damages suffered by . . . Plaintiff with regard to the aforesaid loss." Dkt. No. 2 at ¶¶ 4, 7, 11, 13, 15, 17.

B.     **Procedural Posture**

On March 24, 2025, Defendant filed a letter requesting a pre-motion conference and permission to move for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6. The Court held a pre-motion conference on April 15, 2025, and directed the parties to file a letter addressing the amount paid to the insured and clarifying the claims at issue in this case. The parties filed separate letters. *See* Dkt. Nos. 8, 9. In his letter, Plaintiff raised the issue of removal, asserting that this action does not meet the $75,000 jurisdictional threshold for removal pursuant to diversity jurisdiction. *See* Dkt. No. 8 at 1. Defendant responded, arguing that, because Plaintiff seeks attorney's fees and consequential damages, beyond $35,000 in compensatory damages, removal to this Court was proper. *See* Dkt. No. 8 at 4. As the parties' contentions regarding removal implicate this Court's subject matter jurisdiction, the Court ordered the parties to submit further briefing on the issue. *See* Dkt. No. 11.

Pursuant to the Court's order, Plaintiff now moves to remand this case to state court, arguing that the case was improvidently removed to this Court because Defendant has not met its burden of establishing this Court's subject matter jurisdiction. *See* Dkt. No. 13 at 2. Plaintiff contends that the amount in controversy does not exceed the $75,000 jurisdictional threshold because, on the face of his complaint, he seeks only $35,000 in damages. *See id.* at 4. Defendant argues that the Court has diversity jurisdiction over this action because (1) Plaintiff seeks incidental and consequential damages, beyond the $35,000 stated in the complaint; (2) Plaintiff submitted a complaint to the Department of Insurance which references $150,000; and (3) Plaintiff has not stipulated to limit his damages to $75,000 or less.

3

### III. DISCUSSION

Diversity jurisdiction is conferred upon the district courts in civil actions where the amount-in-controversy exceeds the sum or value of $75,000, excluding interest and costs, and is between, *inter alia,* citizens of different States. 28 U.S.C. § 1332(a)(1). In this case, Plaintiff does not contend that the parties lack diversity; he only contends that the amount-in-controversy falls below the jurisdictional monetary threshold.[1]

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court[.]" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with competent proof and justify its allegations by a preponderance of the evidence." *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, No. 3:11-CV-1495, 2012 WL 162369, *1 (D. Conn. Jan. 18, 2012) (quoting *United Food & Com. Workers Union*, 30 F.3d at 305) (internal quotation marks omitted). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation and citations omitted).

When diversity jurisdiction is the basis for removal, "the removing party must establish that: (1) there is complete diversity of citizenship of the parties; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest." *Doe v. Warner*, 659

---

[1] According to the notice of removal, Plaintiff is a citizen of New York and Defendant is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Boston, Massachusetts. *See* Dkt. No. 1 at ¶¶ 7-8.

F. Supp. 3d 293, 296 (E.D.N.Y. 2023) (citation omitted).  "To satisfy the amount in controversy requirement, a removing party must establish that it appears to a reasonable probability that the claim is in excess of [$75,000]," exclusive of interest and costs.  *Id.* (quoting *United Food & Comm. Workers Union*, 30 F.3d at 305) (internal quotation marks omitted); *see Gerster's Triple E Towing & Repair, Inc. v. Pishon Trucking, LLC*, No. 3:15-CV-0673, 2016 WL 8541047, *1 (N.D.N.Y. June 2, 2016) ("The amount in controversy requirement is satisfied if, '[o]n the face of the pleadings, [the plaintiff is] entitled to invoke the jurisdiction of the federal court'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296 (1938)).  To determine whether the removing party has met this burden, "the district court must first look to the plaintiff's complaint and then to the defendant's petition for removal." *Armstrong v. ADT Sec. Servs., Inc.*, No. 06 CIV. 4925, 2007 WL 187693, *2 (S.D.N.Y. Jan. 23, 2007) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000)).

 Here, according to the complaint, Plaintiff seeks

> the sum of $35,000.00, or the appropriate amount to be determined by the Court, plus interest and costs, together with disbursements and such other, further and different relief as to which the Plaintiff may be entitled in law or in equity, together with all incidental and consequential damages as a result of the Defendant's breach of good faith duty to fairly and accurately resolve all claims, and the further alternative for an order declaring the Defendant must cover the rest of the Plaintiff's loss and damages, together with an order directing the Defendant to participate in the appraisal method to determine Plaintiff's damages, plus such other, further and different relief as to the Court may deem just and proper.

Dkt. No. 2 at 4-5.  And, in the notice of removal, Defendant represents that there is a reasonable possibility that the amount in controversy exceeds $75,000 because the complaint seeks incidental

and consequential damages, beyond the $35,000 sum Plaintiff seeks for breach of the policy. *See* Dkt. No. 1 at ¶ 11.[2]

Challenges to jurisdiction premised upon diversity of citizenship are assessed based on "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 775-76 (2d Cir. 2010) (explaining that challenges to subject matter jurisdiction following removal to federal court are assessed based on facts that existed as of the time of removal). The mere fact that a plaintiff may not ultimately recover the minimum jurisdictional amount of $75,000 "does not . . . oust the jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (footnote omitted). If, however, "from the outset, [the plaintiff], to a legal certainty, could not recover the statutory jurisdictional amount," the case must be remanded. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994).

In the present matter, the Court finds that the complaint fails to satisfy the amount-in-controversy requirement. The first claim, for breach of contract, alleges only $35,000 in damages. *See* Dkt. No. 2 at ¶¶ 4, 11, 13. The second claim, for bad faith denial of insurance coverage, alleges unspecified "incidental and consequential damages including attorney's fees and

---

[2] The notice of removal also asserts that "[i]n determining whether the amount in controversy is met, courts look to the limits of the applicable policy" and "[t]he policy upon which this action is brought provides, *inter alia*, property coverage limits of $158,100 (dwelling), $15,810 (other structures) and $31,620 (loss of use)." Dkt. No. 1 at ¶ 12 (citing *Duzer Realty Corp. v. U.S. Underwriters Ins. Co.*, No. 12-CV-926, 2012 WL 2872306 (E.D.N.Y. July 12, 2012)). Defendant does not mention this position in its opposition to the motion to remand. *See, generally*, Dkt. No. 14. Regardless, the case law upon which Defendant relies does not support the legal conclusion that, in every situation, a court must look the limits of the applicable policy in determining the amount in controversy. In *Duzer Realty Corp.*, the court noted that the object of the suit "is a judicially enforceable right to *full indemnification for any damages it may owe [the defendant] up to one million dollars*." *Duzer Realty Corp.*, 2012 WL 2872306, at *2 (emphasis added). Here, the object of the suit is not the full limit of the policy, it is a sum of $35,000 that Plaintiff claims he is due.

other costs and disbursements." *Id.* at ¶ 7. Although "[d]ifferent state claims brought by a single plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement," *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citations omitted), the bad faith claim does not increase the amount-in-controversy beyond $35,000.

Indeed, Plaintiff's bad faith claim is duplicative of his breach of contract claim for two reasons: (1) the complaint does not allege a violation of any duty independent of the insurance contract at issue; and (2) New York does not recognize claims for bad faith denial of insurance coverage in this context.

Addressing the first point, under New York law,[3] "'[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.'" *Dormitory Auth. of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 711 (2018) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987)). With regard to breach of contract, the complaint alleges that Defendant "has failed and refused to comply with the requirements of the policy of insurance . . . and to the contrary has breached said policy . . . leaving a balance due and owing to the Plaintiff for the approximate sum of $35,000." Dkt. No. 2 at ¶ 11. And, as for bad faith, the complaint alleges that, in refusing to pay Plaintiff's full claim, Defendant "dealt with the Plaintiff in bad faith causing the Plaintiff incidental and consequential damage including attorney's fees and other costs and disbursements."

---

[3] "A federal court sitting in diversity must apply the choice of law rules of the forum state, which in this case is New York." *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477, 485 (S.D.N.Y. 2017) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012)). "However, where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." *Id.* (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997)). Such consent may be implied by the parties' reliance on New York law in their briefs. *Id.* Accordingly, because both parties rely on New York law in their papers, the Court applies New York law to Plaintiff's common law claims and requests for damages.

*Id.* at ¶ 7. Plaintiff claims that he is entitled to incidental and consequential damages due to "Defendant's breach of good faith duty to fairly and accurately resolve all claims." *Id.* at 4-5. Thus, Plaintiff's bad faith claim is duplicative of his breach of contract claim because he fails to allege a violation of any independent duty. *See Deswert v. Travelers Commerical Ins. Co.*, No. 6:24-CV-00278, 2025 WL 416765, *4 (N.D.N.Y. Feb. 6, 2025) (finding bad faith insurance coverage claim to be duplicative of breach of contract claim where no violation of a legal duty independent of the underlying contract was alleged).

      Second, the extra-contractual damages Plaintiff seeks for the denial of his insurance claim are not recoverable as pleaded. "New York generally does not recognize a damages claim for bad faith denial of coverage because such claims would be duplicative of a claim sounding in breach of contract." *Sprague Operating Res. LLC v. Energy Star Transp.*, Inc., No. 20-cv-3382, 2021 WL 11716399, *2 (S.D.N.Y. Apr. 20, 2021) (citations omitted); *see Jane St. Holding, LLC v. Aspen Am. Ins. Co.*, No. 13 CIV. 2291, 2014 WL 28600, *11 (S.D.N.Y. Jan. 2, 2014), *aff'd*, 581 Fed. Appx. 49 (2d Cir. 2014) (dismissing bad faith insurance coverage claim because the plaintiff did not plead that it suffered any damages as a consequence of the alleged bad faith refusal to pay its claim besides the costs associated with bringing a legal action). Here, the only damages alleged arise from Defendant's alleged breach of contract for refusal to pay the full amount of Plaintiff's claim for coverage, leaving a balance of $35,000 remaining, "plus costs and interest." Dkt. No. 2 at ¶ 11. Plaintiff does not specify what consequential damages he suffered, besides "attorney's fees and other costs and disbursements." *Id.* at ¶ 7. Therefore, under New York law, to a legal certainty, Plaintiff cannot recover under a claim for bad faith denial of coverage, as pleaded.

Defendant, relying on *Lorena Int'l N. Am., Inc. v. Vican Trading*, No. 08-CV-2686, 2009 WL 1940428, *3 (E.D.N.Y. July 2, 2009), argues that this action should not be remanded because it is possible that Plaintiff's bad faith claim has value. Defendant's reliance on this case is misplaced. In *Lorena Int'l N. Am., Inc.*, the court, considering the defendant's motion for remand, found that the defendant did not meet its burden of showing that the plaintiff could not recover more than $75,000 to a legal certainty because the plaintiff claimed it suffered a loss of profits on collateral business arrangements as a result of a breach of contract. *See id.* at *3. The court concluded that it could not find, as a matter of law, that the defendant did not foresee the loss of profits because the matter of what the defendant knew at the time of contract formation was a question of fact. *See id.* Here, no such questions of fact preclude a finding that Plaintiff's bad faith claim is valueless; New York law prohibits Plaintiff's bad faith as pleaded and, therefore, it is not a legal possibility that Plaintiff's bad faith claim has value.

Relatedly, Defendant points out that Plaintiff's reliance on *Deswert* is confusing. *See* Dkt. No. 14 at 6 (citing *Deswert*, 2025 WL 416765). Indeed, in a pre-motion letter, Defendant requests permission to file a motion to dismiss Plaintiff's bad faith claim on the same grounds discussed in *Deswert* (*i.e.*, that a bad faith insurance claims is duplicative of a breach of contract claim where no violation of an independent legal duty is alleged). *See* Dkt. No. 6. However, now, Defendant asks this Court to find that the bad faith claim, although subject to imminent dismissal if Defendant is permitted to file a motion to dismiss, is the lynchpin that requires the Court to retain jurisdiction over this action because it increases the amount in controversy. *See* Dkt. No. 14 at 3. And, on the other hand, Plaintiff argues that he is entitled to extra-contractual damages but asks the Court to narrow its analysis on this remand inquiry solely to the $35,000 in damages he seeks for breach of contract. *See* Dkt. No. 13 at 2.

Both sides appear to be selectively applying their respective theories surrounding the bad faith claim when it suits their interests. As such, Defendant's accusation that Plaintiff wants to "have [his] cake and eat it too," *see* Dkt. No. 9 at 4, evokes another idiom common in the American vernacular: "the pot calling the kettle black."

Regardless, for the reasons discussed herein, the Court finds that it is a "legal certainty" that the $35,000 stated on the face of the complaint does not exceed the $75,000 jurisdictional threshold. *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 Fed. Appx. 49, 51 (2d Cir. 2019); *see Mehmet v. Gautier*, No. 18-cv-9090, 2019 WL 4805859, *10 (S.D.N.Y. Sept. 30, 2019) ("Therefore, it is a 'legal certainty that as this action is currently pled, Plaintiff cannot recover sufficient damages to invoke federal jurisdiction'") (collecting cases).[4] As a result, Defendant has not established the amount in controversy necessary for diversity jurisdiction.[5]

Given the limited jurisdiction of federal courts, the Court is constrained to remand this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, the Court remands this action to New York State Supreme Court, Oneida County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

### IV. CONCLUSION

---

[4] Plaintiff's unspecified requests for costs, interest, and attorney's fees do not bring this action above the $75,000 jurisdictional threshold. *See Deswert*, 2025 WL 416765, at *4 n.5 (finding that requests for costs, interest, and attorney's fees did not increase the amount in controversy because such determination is made exclusive of costs and interest and attorney's fees are generally not recoverable on a breach of contract claim).

[5] The Court does not reach Defendant's other arguments, which would require the Court to look outside of the complaint, because the complaint is conclusive as to the amount in controversy. *See* Dkt. No. 14 at 7-8; *see also United Food & Com. Workers Union*, 30 F.3d at 305 ("Where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record") (citations omitted).

After carefully considering the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion to remand is **GRANTED**; and the Court further

**ORDERS** that this action is **REMANDED** to New York State Supreme Court, Oneida County; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated:   June 13, 2025
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge